**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TROY GRANTZ, an individual,

        Plaintiff - Appellant,

  v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a corporation,

        Defendant - Appellee.

No. 09-56602

D.C. No. 8:08-cv-00855-AG-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 16, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

    Troy Grantz appeals from the order granting summary judgment to State

Farm Mutual Auto Insurance Co. ("State Farm") on his claims for failure to make

reasonable accommodation for his disability under California's Fair Employment

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and Housing Act, Cal. Gov't Code § 12940 *et seq.* ("FEHA"), disability discrimination under the FEHA, and violation of public policy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**I**

Grantz contends the district court erred in concluding that no genuine issue of material fact exists with respect to whether State Farm failed to accommodate his disability in a reasonable manner in violation of the FEHA. Under the FEHA, an employer must "make reasonable accommodation for the known physical or mental disability of an applicant or employee" unless the employer would face "undue hardship" in doing so. Cal. Gov't Code § 12940(m). The FEHA does not entitle an employee to choose the *best* accommodation or a specific accommodation; it only entitles him to a reasonable one. *Raine v. City of Burbank*, 37 Cal. Rptr. 3d 899, 904 (Ct. App. 2006). An employer is not required to create a new job, move another employee, promote the employee, or violate the rights of another employee. *Hastings v. Dep't of Corr.*, 2 Cal. Rptr. 3d 329, 335 (Ct. App. 2003). The employer may prevail on a motion for summary judgment by demonstrating that "there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled

2

employee was capable of performing with or without accommodation[.]" *Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 68 (Ct. App. 2000).

In his amended complaint to the Department of Fair Employment and Housing ("DFEH"), Grantz stated, "I was transferred, without reason, to the [Auto Claims Central], upon return from CFRA leave in October, 2007. I requested an accommodation. State Farm determined that I was entitled to a reasonable accommodation, which I requested to be assignment to a field facility." He did not allege in his complaint that he had requested an accommodation prior to October 2007. Nor did he allege that he had requested an accommodation in the form of part-time work in the Auto Claims Central ("ACC"). Those claims are not within the scope of his DFEH complaint and therefore have not been exhausted.[1] *Cf. Nazir v. United Airlines, Inc.*, 100 Cal. Rptr. 3d 296, 317 (Ct. App. 2009) (plaintiff

---

[1] State Farm raised exhaustion with respect to Grantz's request to work from home in June 2007 as a defense for the first time in its reply brief in support of its motion for summary judgment. The district court held that Grantz's claim that State Farm failed to accommodate him by refusing to let him work from home in June 2007 was barred on exhaustion grounds. Grantz failed to object or to file a motion for reconsideration claiming surprise after receiving the district court's order. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect[.]"). Thus, Grantz's contention that the district court erred in permitting State Farm to raise the exhaustion doctrine as a defense for the first time in its reply brief was not preserved for appeal.

3

may proceed on claims not specifically alleged in DFEH complaint if the claim is "like or reasonably related" to the administrative charges or "could reasonably be expected to grow" out of an administrative investigation).

As to the exhausted portion of the claim to reasonable accommodation, Grantz has not proffered evidence that a vacant field position existed between October 2007 and his termination in July 2008. His claim that State Farm did not reasonably accommodate his disability by transferring him to a field position during this period therefore fails.

## II

Grantz argues that he presented sufficient evidence to demonstrate that State Farm's proffered reasons for his transfer to the Bridge Team and his eventual termination were pretextual or that State Farm was motivated by discrimination. "[T]he great weight of federal and California authority holds that an employer is entitled to summary judgment if, considering the employer's innocent explanation for its actions, the evidence as a whole is insufficient to permit a rational inference that the employer's actual motive was discriminatory." *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1117 (Cal. 2000).

Grantz contends that State Farm's decision to transfer him to the Bridge Team was motivated in part by bias because it knew prior to assigning him to the

Bridge Team "that the ACC working environment had caused [him] stress and anxiety attacks[.]" State Farm presented evidence, however, that it assigned Grantz to the Bridge Team because he was the only field representative who had previous experience in the ACC, and because "[h]e had the competencies and skills as far as his organization and communication skills to do that job well." Grantz has not presented sufficient evidence that this explanation is pretextual.

With regard to his termination, Grantz argues that, as a matter of law, State Farm's explanation that it terminated him due to expiration of his medical leave constitutes unlawful discrimination under the FEHA. However, where an employer believes that an employee will not be able to perform the essential functions of the job upon expiration of statutory leave, the employer does not violate the FEHA by terminating the employee. *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 83 Cal. Rptr. 3d 190, 202 (Ct. App. 2008). Accordingly, State Farm's termination of Grantz due to expiration of his medical leave does not constitute disability discrimination under the FEHA.

Grantz further asserts that "the evidence that State Farm knew when it transferred plaintiff to the Bridge Team that he had a disability that impaired his ability to perform that job and that it thereafter refused accommodation without knowing or attempting to ascertain the nature of that disability raises a genuine

5

issue of material fact as to whether discrimination was, in addition to the reasons offered by State Farm, also a motivating factor in State Farm's employment decisions." State Farm, however, offered Grantz a position as an Estimating Coordinator, which Grantz declined. Grantz additionally refused to consider any position outside of Irvine. On these facts, Grantz has not shown that State Farm's decision to transfer him was based on his disability.

## III

Grantz does not dispute that the success of his public policy claim depends on the success of his claim that he was subject to disability discrimination in violation of the FEHA. Because he has failed to raise a triable issue of fact with regard to his disability discrimination claim, his claim that State Farm violated public policy fails as well.

## IV

Grantz also raises an issue as to whether Jay Kelsey, a vice president at State Farm, was a managing agent under § 3294(b) of the California Civil Code. Pursuant to that section, "[a]n employer shall not be held liable" for punitive damages unless the corporation's wrongful conduct was authorized or ratified by "an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

6

Because we affirm the district court in all respects, Grantz's eligibility for punitive damages is moot. *See Ward v. Ryan*, 623 F.3d 807, 813 (9th Cir. 2010) (affirming summary judgment in favor of defendant and accordingly declining to address issues related to punitive damages).

**AFFIRMED.**